**Satnam SINGH, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Docket No. 03–4097–AG.**

United States Court of Appeals, Second Circuit.

Sept. 6, 2005.

Satnam Singh, Flushing, NY, for Petitioner, pro se.

Tarra DeShields–Minnis, Assistant United States Attorney, District of Maryland, Baltimore, MD, for David N. Kelley, United States Attorney, Southern District of New York, New York, NY, for Respondent.

Present: SACK, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition be, and it hereby is, DENIED.

Satnam Singh petitions for review of a final order of the Board of Immigration Appeals (BIA) denying his motion to reopen prior proceedings in which it had affirmed the decision of an immigration judge (IJ) denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture.

When a petitioner seeks review of the BIA's denial of a motion to reopen, this Court may not weigh the merits of the underlying BIA order terminating the proceedings which the petitioner wants reopened unless the petitioner has filed a separate petition for review of that order. *See Kaur v. Bd. of Immigration Appeals,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). Because Singh petitioned for review of only the BIA's denial of his motion to reopen and not of its affirmance of the IJ's decision, we consider only whether the BIA's denial of Singh's motion to reopen was proper.

We review the BIA's denial of a motion to reopen for abuse of discretion, *id.,* and will find an abuse of discretion only when the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements," *id.* at 233–34 (quoting *Zhao v. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001)). A motion to reopen must state what new facts the applicant could prove, and be supported by affidavits or other evidentiary material. *See Zhao,* 265 F.3d at 90; *see also* 8 C.F.R. § 1003.2(c)(1). Here, the BIA denied Singh's motion to reopen on the grounds

that the motion was not supported by evidence that was materially different from evidence that Singh had previously submitted, and that Singh failed to establish that the proffered evidence was previously unavailable.

Although we have jurisdiction to review the BIA's December 2002 denial of Singh's motion to reopen, Singh addresses only the merits of the underlying removal order and has not explained how the denial of his motion to reopen amounted to an abuse of discretion. Accordingly, we conclude that Singh has waived any challenge to that order. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995).

Were we nevertheless to consider the BIA's denial of Singh's motion to reopen, we would conclude that the BIA did not abuse its discretion in denying that motion. To be entitled to asylum, Singh bears the burden of proving he has a well-founded fear of future persecution if he were returned to India. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). In support of his motion to reopen, Singh submitted several articles, many of which bore dates of 2001 and 2002, which concerned police misconduct in India. However, none of the articles related specifically to Singh or suggested that he would be persecuted if he now returned to India. Because Singh failed to submit information that was materially different from that which he had previously submitted, and because Singh failed to demonstrate that the allegedly new evidence was previously unavailable, the BIA correctly denied his motion to reopen.